IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RAMON P. HANSBERRY SR.                                                         PLAINTIFF

v.                              Case No. 2:16-cv-00158-KGB

ARKANSAS STATE HIGHWAY AND
TRANSPORTATION DEPARTMENT                                                      DEFENDANT

# ORDER

Before the Court is plaintiff Ramon P. Hansberry Sr.'s motion for extension of time to accomplish service of process (Dkt. No. 5). Mr. Hansberry requests a 45 day extension from February 21, 2017, in which to accomplish service (*Id.,* ¶ 9). Also before the Court is a motion to dismiss filed by defendant Arkansas State Highway and Transportation Department ("AHTD") (Dkt. No. 8). In its motion to dismiss, the AHTD states that the Court should dismiss Mr. Hansberry's complaint for failing to accomplish service within the 90 day window prescribed by Rule 4 of the Federal Rules of Civil Procedure. Mr. Hansberry has responded to the AHTD's motion to dismiss (Dkt. No. 10). The AHTD requests leave to file a reply regarding its motion to dismiss (Dkt. No. 12).

As an initial matter, the Court grants the AHTD's request for leave to file a reply (Dkt. No. 12). The Court directs the AHTD to file its reply within seven days from the entry of this Order. The AHTD attached to its request for leave a copy of the reply it intends to file (Dkt. No. 12, Exhibit 1). The Court has considered that filing in ruling on the remaining pending motions. For the following reasons, the Court grants Mr. Hansberry's motion for extension of time (Dkt. No. 5) and denies the AHTD's motion to dismiss (Dkt. No. 10).

I.    **Procedural Background**

On November 23, 2016, Mr. Hansberry filed his complaint alleging that the AHTD had violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, by engaging in race and age discrimination (Dkt. No. 1, at 1). The deadline to accomplish service of process upon the AHTD was February 21, 2017. *See* Fed. R. Civ. P. 4(m). On February 9, 2017, Mr. Hansberry mailed a certified letter restricted delivery to the AHTD's Director, Scott E. Bennett (Dkt. No. 5, ¶ 3). The United States Postal Service returned said letter to Mr. Hansberry on March 3, 2017, as it was unclaimed (*Id.*, ¶ 5). Writing on the envelope indicates that service was attempted by the United States Postal Service on February 10, 2017, and February 27, 2017 (Dkt. No. 10, at 4). Mr. Hansberry was able to accomplish service on the AHTD by service of process on March 17, 2017; 24 days after the deadline for service had passed (Dkt. No. 5, ¶ 5).

On March 30, 2017, Mr. Hansberry filed a motion for extension of time to accomplish service of process, which requested a 45 day extension from February 21, 2017, to accomplish service of process (*Id.*. ¶ 9). In support of his motion for extension of time, Mr. Hansberry states that he believes that the defendant purposely evaded service of process and that Mr. Bennett was spending time in the Arkansas Legislature, making service upon him more difficult (*Id.*. ¶¶ 6, 8). Mr. Hansberry also states in support of his motion that a state agency, like the AHTD, should have an agent for service of process to receive certified letters on behalf of the director (*Id.*, ¶ 7).

On April 7, 2017, the AHTD filed its motion to dismiss for untimely service of process (Dkt. No. 8). The AHTD maintains in its motion that Mr. Hansberry has failed to show good cause or excusable neglect for his delay in service (*Id.,* at 2). The AHTD states that Mr. Hansberry can offer no legitimate reason for waiting 78 days after filing his complaint to initiate his first service attempt by mail (*Id.,* at 8). Accordingly, the AHTD states that Mr. Hansberry's complaint should

be dismissed for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) (*Id.*).

On April 17, 2017, Mr. Hansberry responded to the AHTD's motion to dismiss (Dkt. No. 10). Mr. Hansberry asserts that he attempted to serve the AHTD through its Mr. Bennett in a timely and permitted manner (*Id.,* at 5). Mr. Hansberry states that Mr. Bennett refused to accept the letter or permit one of his agents to accept the letter (*Id.*). Mr. Hansberry also claims that state agencies typically have persons on their staff who can receive certified mail and that Mr. Bennett's failure to designate such a person is an attempt to thwart service of process (*Id.*).

**II.     Legal Analysis**

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 90 days after the complaint is filed, the court . . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Accordingly, if the Court finds good cause for the delay, the Court must extend time for service, thus ending the inquiry. *Adams v. Allied Signal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir. 1996).

"[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding *pro se* or *in forma pauperis.*" *Kurka v. Iowa Cnty.*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 342 (3d ed.2002)). Good cause requires at least "excusable

neglect" – good faith and some reasonable basis for noncompliance with the rules. *Adams,* 74 F.3d at 887.

However, even without good cause shown, the Court still may extend the time for service rather than dismiss the case without prejudice if the plaintiff demonstrates excusable neglect. *Colasante v. Wells Fargo Corp.*, 81 F. App'x 611, 613 (8th Cir. 2003). This authorizes the Court "to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." *Adams,* 74 F.3d at 887 (quoting Rule 4 Advisory Committee Notes (1993)). While the statute of limitations does not require the Court to extend time for service of process, relief may be justified if the applicable statute of limitations would bar the refiled action. *Id.*

Reasonable minds could differ over whether Mr. Hansberry has shown "good cause" for failing to serve timely the AHTD. However, even in the absence of "good cause," the Court has examined the factors that impact a determination of excusable neglect, *see Kurka*, 628 F.3d at 959, and will exercise its discretion by granting Mr. Hansberry's motion for extension of time to accomplish service of process for the following reasons.

The AHTD cites *Colasante.,* in support of its motion to dismiss. 81 F. App'x at 613. In *Colasante,* the district court dismissed the plaintiff's complaint for failure to serve timely the defendant. *Id.* at 612. The plaintiff attempted to effect service on the defendant a mere two days before the deadline for service expired, and service was not actually effected until one day after the deadline had expired. *Id*. The defendant in *Colasante* filed a motion to dismiss based on procedural violations. *Id.* The plaintiff never affirmatively sought an extension of time to complete service; instead, the plaintiff merely raised the issue in resistance to the defendant's motion to dismiss. *Id.* at 613. Moreover, the plaintiff requested two extensions to file his

4

resistance to defendant's motion to dismiss and filed his resistance late -- one day beyond the final extension. *See Colasante v. Wells Fargo Corp.,* 211 F.R.D. 555, 561 (S.D. Iowa 2002).

The Court finds the present case distinguishable from *Colasante*. While Mr. Hansberry waited until the end of the statutory period to effect service, he allowed almost two weeks for Mr. Bennett to receive service by certified mail restricted delivery. This is not unreasonable considering the United States Postal Service first attempted to deliver the mail to Mr. Bennett the day after it was placed into circulation. In addition, Mr. Hansberry was not derelict in acknowledging his untimely service; Mr. Hansberry affirmatively asked the Court for an extension of time for service prior to the filing of the AHTD's motion to dismiss. Moreover, a dismissal of Mr. Hansberry's complaint at this stage in the proceedings would result in a dismissal with prejudice. Mr. Hansberry's action is a Title VII action that must be filed within 90 days of the issuance of a notice of right to sue. *See* 42 U.S.C. § 2000e-16(c). Mr. Hansberry's notice of right to sue was issued August 31, 2016, and the statute of limitations ran on November 29, 2016.

Finally, the Court agrees with the following words from Judge Richard Posner:

> Where as in this case the defendant does not show any actual harm to its ability to defend the suit as a consequence of the delay in service . . ., and where moreover dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit . . ., most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships. . . .

*Colasante*, 81 F. App'x at 614 (quoting *Coleman v. Milwaukee Bd. Of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir. 2002)). Accordingly, the Court finds that Mr. Hansberry has demonstrated excusable neglect and will exercise its discretion in accordance with Federal Rule of Civil Procedure 4(m) by granting Mr. Hansberry's motion for extension of time to accomplish service of process (Dkt. No. 5).

### III. Conclusion

For the foregoing reasons, the AHTD's motion for leave to file a reply is granted (Dkt. No. 12). The AHTD is directed to file its reply within seven days from the entry of this Order. Having considered the AHTD's proposed reply attached to its motion, the Court grants Mr. Hansberry's motion for extension of time to accomplish service of process (Dkt. No. 5). Mr. Hansberry is granted a 45 day extension of time in which to accomplish service on the AHTD from the date of February 21, 2017, thereby making Mr. Hansberry's service timely. The Court cautions Mr. Hansberry to abide by all future filing deadlines. The Court denies the AHTD's motion to dismiss (Dkt. No. 8).

It is so ordered this the 19th day of October 2017.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge